**WASHINGTON v. NEW ORLEANS PUBLIC SERVICE, Inc.**

**No. 14928.**

Court of Appeal of Louisiana. Orleans.
June 24, 1935.

Cabral, Lenfant & Villere and H. W. Lenfant, all of New Orleans, for appellant.

Ivy G. Kittredge and M. A. Woodruff, both of New Orleans, for appellee.

JANVIER, Judge.

Clarence Washington, claiming that a collision, in which he received personal injuries and in which his automobile was damaged, resulted from the negligence of the motorman of one of defendant company's electric street cars, seeks judgment in the sum of $288.50.

Defendant denies that its employee was at fault in any particular, and especially asserts that if there was any negligence it was not the proximate cause of the accident, but that the said proximate cause was the contributory negligence of plaintiff himself in driving his automobile upon the street car track directly in front of the on-coming car when it was no longer possible for the latter to be brought to a stop.

There was judgment below in favor of defendant, the suit was dismissed and plaintiff has appealed.

The scene of the accident was the point at which Jefferson Davis Parkway enters Washington avenue. Plaintiff's car, driven by him, was on the right-hand side of Washington avenue and going towards the Mississippi river. He intended to turn to his left and to cross the street car tracks of defendant company. He brought his car to a stop and permitted vehicular traffic proceeding in the other direction to pass, and, when it had done so, he noticed another vehicle coming out Jefferson Davis Parkway and about to cross the street car tracks in the direction opposite to that in which he intended to go. The other vehicle crossed the tracks a few feet in advance of a street car, which was proceeding in the direction in which plaintiff was going before he made the turn to his left. Just as the other vehicle crossed in front of the street car, plaintiff turned to the left, and, as he was crossing the first street car track, his automobile was struck by the street car. The accident happened at night, and, so far as the record shows, all necessary lights were burning.

We are convinced from the evidence that the street car was being operated at a moderate rate of speed because it stopped

only a few feet from the point at which it struck plaintiff's automobile. The record also leaves little room for doubt that the bell was being sounded on the street car just before the accident.

■ But, whatever may have been the fault on the part of the motorman, it is manifest that the proximate cause of the accident was the contributory negligence of plaintiff himself because, though he was proceeding in the same direction as was the street car and alongside of it, he admits he did not know of its presence and that he did not look in its direction, and that he drove upon the track when it was only a few feet away, without knowing that it was anywhere near him.

■ There is no room for the application of the doctrine of the last clear chance. When plaintiff's car reached the track, the street car was within 15 or 20 feet of him, and even though its speed was not excessive, at the speed at which it was going, it could not have been stopped before it struck him.

It is unnecessary that we enter into a detailed discussion of the evidence. Plaintiff's own negligence is obvious, and it bars recovery entirely.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed, at the cost of appellant.

Affirmed.